# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT JACKSON
### Assigned on Briefs July 7, 2015

## JERRY SANDRIDGE v. MICHAEL PARRIS, WARDEN

### Appeal from the Circuit Court for Lake County
### No. 14CR10001     R. Lee Moore, Jr., Judge

_____

### No. W2015-00044-CCA-R3-HC  -  Filed October 15, 2015

_____

Petitioner, Jerry Sandridge, appeals from the trial court's summary dismissal of his *pro se* petition for writ of habeas corpus in which he alleged that his sentence of life without the possibility of parole for his aggravated robbery conviction is illegal and violates the 8th Amendment prohibition again cruel and unusual punishment.  After a thorough review, we affirm the judgment of the trial court.

### Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed

THOMAS T. WOODALL, P.J., delivered the opinion of the Court, in which JOHN EVERETT WILLIAMS and D. KELLY THOMAS, JR., JJ., joined.

Jerry Sandridge, Tiptonville, Tennessee, *Pro Se*.

Herbert H. Slatery III, Attorney General and Reporter; Caitlin E. D. Smith, Assistant Attorney General; and John Wesley Carney, Jr., District Attorney General, for the Appellee, State of Tennessee.

## OPINION

### Background

Petitioner was convicted by a Lauderdale County jury of two counts of aggravated robbery.  He received a sentence of life without parole as a repeat violent offender for each count to be served consecutively to a sentence that Petitioner was serving on parole at the time of the robberies.  On appeal this court modified one of the aggravated robbery convictions to aggravated assault and remanded for resentencing on that count. *State v. Franklin*, 130 S.W.3d 789 (Tenn. Crim. App. 2003).  On remand, Petitioner was sentenced to fifteen years for aggravated assault as a career offender to be served

consecutively to the life without parole sentence for aggravated robbery and "all prior sentences for which [Petitioner] was out on parole at the time of the commission of this felony[.]" This court affirmed the sentence. *State v. Jerry L. Sandridge,* No. W2004-01199-CCA-R3-CD, 2005 WL 1215967 (Tenn. Crim. App. May 20, 2005). Petitioner filed a subsequent petition for post-conviction relief alleging ineffective assistance of counsel, various claims of prosecutorial misconduct, insufficient evidence, and that his trial lacked a "spirit of fairness." *Jerry Sandridge v. State*, No. W2009-00261-CCa-R3-CCA 2009 WL 2985951, at *3 (Tenn. Crim. App. Sept. 18, 2009). The trial court summarily dismissed the petition as being filed outside of the statute of limitations, and this court affirmed the dismissal. *Id*. at *4-5.

On November 5, 2014, Petitioner filed a petition for writ of habeas corpus alleging that his sentence of life without the possibility of parole for his aggravated robbery conviction is illegal and violated the Eighth Amendment prohibition against cruel and unusual punishment. The trial court denied the petition and made the following findings:

> The trial court invoked T.C.A. § 40-35-120 dealing with repeat violent offenders. It appears that the trial court applied this statute properly and the sentence of life without parole was a proper sentence. This is also an issue that should have been covered on direct appeal. For the reasons stated above, the Court finds that the judgment is not void.

**Analysis**

The right to habeas corpus relief is available "only when 'it appears upon the face of the judgment or the record of the proceedings upon which the judgment is rendered' that a convicting court was without jurisdiction or authority to sentence a defendant, or that a defendant's sentence of imprisonment or other restraint has expired." *Summers v. State*, 212 S.W.3d 251, 255 (Tenn. 2007) (quoting *Archer v. State*, 851 S.W.2d 157, 164 (Tenn. 1993)). In contrast to a post-conviction petition, a habeas corpus petition is used to challenge void and not merely voidable judgments. *Summers,* 212 S.W.3d at 255-56. A voidable judgment is one that is facially valid and requires proof beyond the face of the record or judgment to establish its invalidity. *Id*. at 256; *Dykes v. Compton*, 978 S.W.2d 528, 529 (Tenn. 1998). A void judgment "is one in which the judgment is facially invalid because the court lacked jurisdiction or authority to render the judgment." *Taylor v. State*, 995 S.W.2d 78, 83 (Tenn. 1999); *Dykes,* 978 S.W.2d at 529.

A petitioner bears the burden of proving a void judgment or illegal confinement by a preponderance of the evidence. *Wyatt v. State*, 24 S.W.3d 319, 322 (Tenn. 2000). A trial court may summarily dismiss a petition for writ of habeas corpus without the appointment of counsel and without an evidentiary hearing if there is nothing on the face

of the judgment to indicate that the convictions addressed therein are void. *See Summers*, 212 S.W.3d at 260; *Hickman v. State*, 153 S.W.3d 16, 20 (Tenn. 2004).

The determination of whether habeas corpus relief should be granted is a question of law. *Summers*, 212 S.W.3d at 255; *Hart v. State*, 21 S.W.3d 901, 903 (Tenn. 2000). Therefore, our review is *de novo* with no presumption of correctness given to the findings and conclusions of the lower court. *Summers*, 212 S.W.3d at 255; *State v. Livingston*, 197 S.W.3d 710, 712 (Tenn. 2006).

The procedural requirements for habeas corpus relief are mandatory and must be scrupulously followed. *Summers*, 212 S.W.3d at 260; *Hickman*, 153 S.W.3d at 19-20; *Archer*, 851 S.W.2d at 165. The formal requirements for an application or petition for writ of habeas corpus are found at T.C.A. § 29-21-107:

> (a) Application for the writ shall be made by petition, signed by either the party for whose benefit it is intended, or some person on the petitioner's behalf, and verified by affidavit.
>
> (b) The petition shall state:
>
>> (1) That the person in whose behalf the writ is sought, is illegally restrained of liberty, and the person by whom and place where restrained, mentioning the name of such person, if known, and if unknown, describing the person with as much particularity as practicable;
>>
>> (2) The cause or pretense of such restraint according to the best information of the applicant, and if it be by virtue of any legal process, a copy thereof shall be annexed, or a satisfactory reason given for its absence;
>>
>> (3) That the legality of the restraint has not already been adjudged upon a prior proceeding of the same character, to the best of the applicant's knowledge and belief; and
>>
>> (4) That it is the first application for the writ, or, if a previous application has been made, a copy of the petition and proceedings there shall be produced, or satisfactory reasons should be given for the failure to do so.

T.C.A. § 29-21-107.

Petitioner seeks review of his sentence arguing that his sentence of life without parole for his aggravated robbery conviction is "illegal, unconstitutional, and void because it is "cruel and unusual violating the 8th Amendment to the United States Constitution as well as the Tennessee Constitution." We disagree. Petitioner's sentence was a result of Tennessee's repeat violent offender statute. T.C.A. § 40-35-120. This court has determined that "[t[he statute does not violate constitutional provisions against cruel and unusual punishment." *State v. Milton Lebron Byrd*, No. E2006-02619-CCA-R3-CD, 2008 WL 886269, at *8 (Tenn. Crim. App., Knoxville, April 2, 2008); *Gary S. Mayes*, No. E2008-02777-CCA-R3-PC, 2010 WL 785966, at 7 (Tenn. Crim. App. March 9, 2010). We also note that the State has pointed out in a footnote in its brief that the judgment form for Petitioner's aggravated robbery conviction does not reflect his offender status. The State further asserts that the matter should be remanded for entry of a corrected judgment. However, our review of the judgment reflects that while the box for repeat violent offender was not checked, the "Special Conditions" portion of the form contains the following notation: "Repeat violent offender T.C.A. 40-35-120." Therefore, no corrected judgment is required.

It is obvious that nothing in the record indicates that Petitioner's convictions or sentence is void. The habeas corpus trial court may summarily dismiss a habeas corpus petition without an evidentiary hearing if there is nothing on the face of the record or judgment to indicate that the conviction or sentence are void. *Passarella v. State*, 891 S.W.2d 619, 627 (Tenn. Crim. App. 1994); *see also* Tenn. Code Ann. § 29-21-109 (2010 Repl.). Petitioner is not entitled to relief on appeal. The judgment of the habeas corpus trial court is affirmed.

_____
THOMAS T. WOODALL, PRESIDING JUDGE

4